IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01654 RPM-BNB

AT THE BEACH, INC., an Oklahoma Corporation,

    Plaintiff,

v.

COLLECTION SERVICE SOLUTIONS, L.L.C., a
Colorado Limited Liability Company,

    Defendant.

## STIPULATED PRELIMINARY INJUNCTION

This matter is before the Court pursuant to a Stipulated Motion for Entry of a Preliminary Injunction. Appearing for Plaintiff At The Beach, Inc. ("Plaintiff") are Michael J. Carrigan and Brooke H. McCarthy of Holland & Hart, LLP and appearing for the Defendant Collection Service Solutions, LLC ("Defendant") is Gary Davenport of the law firm of McGloin, Davenport, Severson and Snow, P.C. and Jeffrey Sandman of the Law Offices of Jeffrey I. Sandman (collectively the "Parties"). The Parties represent that a stipulation has been reached regarding Plaintiff's previously filed Motion for Temporary Restraining Order and Preliminary Injunctive Relief.

Pursuant to the Parties' stipulation, the Court hereby ORDERS as follows:

1)    Within two business days of this Order, Defendant must produce an accounting of any and all funds collected by Defendant on Plaintiff's behalf through July 15, 2009, and

pursuant to the terms of the Debt Collection and Recovery Agreement (the "Agreement") between the Parties.

2) Within two business days of the entry of this Order, Plaintiff and Defendant shall open a separate and segregated trust account at UMB Bank in the name of Plaintiff and Defendant ("Trust Account"). Within one business day of the opening of the Trust Account, Defendant shall transfer any and all funds it has collected on behalf of Plaintiff under the Agreement. In accordance and in compliance with the terms of the Agreement, Defendant may deduct commissions, legal expenses and costs earned on such collections, but may not offset any claimed legal expenses and costs from the amount placed into the Trust Account unless it is specifically tracked to an account for which a lawsuit has been filed or may be in post-judgment collection. The Parties acknowledge that a dispute exists as to the accounts to which an offset of legal expenses and costs may apply.

3) Within two business days of the 15th and end of each month (as per Section 7-1 of the Agreement), Defendant shall deposit into the Trust Account opened pursuant to paragraph two (2) of this Order any and all funds, less commissions, legal expenses and costs owed to Defendant as described in paragraph two (2) of this Order.

4) Subject to paragraphs two (2) and three (3) above, the Parties shall refrain from withdrawing for any reason any funds placed in the Trust Account opened pursuant to paragraph two (2) of this Order without both Parties agreeing to the use of the funds or without further Order of the Court.

5) Pursuant to Section 2-6 of the Agreement, Defendant shall provide to Plaintiff a weekly report of all collection accounts in "Legal Handling," "Payment Plan" or "Promise to

Pay" status where the accounts are sixty (60) days beyond the last payment arrangement promise date. Within two business days of receiving this information, Plaintiff shall provide to Defendant an accounting of any direct payments that it has received from these accounts. All accounts without activity for sixty (60) days shall be returned to Plaintiff.

6) Defendant shall cease all collection activities on all inactive accounts previously transferred back to Plaintiff on July 3, 2009.

7) Pursuant to Section 2-3 of the Agreement, Defendant shall allow Plaintiff access to "Bloodhound," the website for which Plaintiff previously had daily access to monitor all payments posted by Defendant within twenty-four (24) hours of receipt from the customer and for executive review of all account statuses and progress. Effective August 1, 2009, Plaintiff will pay Defendant a monthly fee of $100 for such access.

8) Pursuant to Section 6-2 of the Agreement, Defendant will refrain from settling any and all accounts for an amount that is less than the full amount owed to Plaintiff, unless Plaintiff agrees otherwise.

9) Within ten business days, Plaintiff shall provide Defendant with an accounting of any customers who have made direct payments to Plaintiff on accounts that had been assigned to Defendant.

10) Defendant shall not initiate any new legal actions against debtors without the prior written consent of Plaintiff.

11) Plaintiff will refrain from soliciting payment from customers whose accounts are currently assigned to Defendant for collection and, in the event Plaintiff receives direct payments

from such customers, Plaintiff will remit to Defendant an amount equal to the commissions due Defendant under the Agreement.

12) The Parties reserve any and all rights that they may have under the Agreement or otherwise. The creation of the Trust Account shall not be deemed as a waiver or release of any claims or possible claims between the Parties.

13) This Order shall remain in place until this matter is resolved or until further order of this Court.

Dated this 2 4 day of July, 2009.

BY THE COURT:

_____
UNITED STATES DISTRICT COURT JUDGE