IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01654-RPM-BNB

AT THE BEACH, INC., an Oklahoma corporation,

    Plaintiff,

v.

COLLECTION SERVICE SOLUTIONS, L.L.C., a Colorado limited liability company,

    Defendant.

## STIPULATED PROTECTIVE ORDER

1. This Order shall apply to the following documents (including electronic data in any form and photographs) produced by plaintiffs or defendants:

   a). Customer lists;

   b). Internal business correspondence and emails;

   c). Employee manuals;

   d). Training manuals; and

   e). Company policies;

2. Documents identified in paragraph 1 above, shall be used solely for the purpose of the prosecution or defense of this action, and shall not otherwise be disclosed in any manner to any person. No copies of a document identified in paragraph 1 above may be made without the express prior written consent of the opposing party or leave of this Court. Moreover, any documents produced by Plaintiff subject to this Protective Order shall remain in the office of Gary C. Davenport

1

or Jeffrey I. Sandman until the conclusion of this litigation. Any documents produced by Defendant subject to this Protective Order shall remain in the office of Richard C. Ogden or Michael J. Carrigan until the conclusion of this litigation.

3. Counsel for the parties shall be responsible for assuring that access to documents identified in paragraph 1 above shall be permitted only to counsel of record, counsels' employees assisting in this litigation, and retained experts or consultants. No person having access to any documents identified in paragraph 1 above shall in any manner disclose any of the contents of any such document to any person. Counsel of record for the parties herein are personally responsible for ensuring that all his or her employees, experts and consultants who may come into possession of documents identified in paragraph 2 above are made aware of the provisions of this order.

4. Each person not identified in Paragraph 3 above, including without limitation any of the Parties and the Parties' agents, employees, and one acting on any of the a Parties' behalf, to whom designated confidential information or documents are made available shall, under oath or attestation, agree in writing to the following attestation, a copy of which shall forthwith be furnished:

> I hereby attest to my understanding that information or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order; that I have been given a copy of and have read that Protective Order and have had its meaning and effect explained to me by the attorneys for the parties; and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such information or documents, including notes or other memoranda or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they were produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court, for such a failure.

5. Any depositions taken in this action in which any information or document identified in paragraph 1 above is or may be disclosed or utilized shall be attended only by the deponent, named individual parties in this litigation, the attorneys for the named parties, and, if the parties' attorneys so specify in writing to opposing counsel, to designated secretaries, paralegals, investigators and experts assisting attorneys in the preparation and trial of this case. All information disclosed in, and any transcripts made of, such depositions shall be treated in accordance with the confidential restrictions set forth in this Protective Order. The deponent, designated representatives of the parties, designated secretaries, paralegals, investigators and experts assisting attorneys, and each court or deposition reporter in attendance at such deposition shall, prior to the commencement of that deposition, execute an attestation in the form set forth in paragraph 4, above.

6. No documents identified in paragraph 1 above shall be filed with the Court except under seal with the legend: "THIS IS A DOCUMENT MARKED OR DESIGNATED AS CONFIDENTIAL AND IS SUBJECT TO A PROTECTIVE ORDER OF THIS COURT."

7. All documents sought to be protected by this Protective Order shall be marked "Confidential" by the party asserting protection. If the opposing party takes issue with such designation, they may seek Court intervention for a determination as to whether the documents sought to be protected are, in fact, confidential and covered by the Protective Order.

8. On conclusion of this action, all documents identified in paragraph 1 above (and all copies thereof), in the possession, custody or control of any person, shall be returned to the party which produced them. The provisions of this order with respect to confidentiality shall not terminate with the termination of this action, but shall continue until the further order of this Court.

9.      Any party may by agreement in writing waive any of the terms of this order. Nothing is this order shall prevent a party from seeking additional protection as to information deemed confidential. In the event anyone shall violate or threaten to violate any of the terms or provisions of this order, the aggrieved party shall be entitled to seek damages and injunctive relief, by motion in this Court or otherwise, and it shall not be a defense to injunctive relief that the aggrieved party possesses an adequate remedy at law. This order shall be binding on (i) the parties to this action, and (ii) all persons having notice of the existence of this order. This Court's jurisdiction to enforce this order is hereby retained and shall survive the entry of final judgment in this action.

Dated this __16__ day of February, 2010.

_____
Richard P. Matsch, Senior District Judge

Approved as to form and substance:

 s/Richard C. Ogden
Richard C. Ogden, OBA #13749
Russell A. Wantland, OBA #19965
MULINIX OGDEN HALL
  ANDREWS & LUDLAM, P.L.L.C.
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK 73102
Telephone: (405) 232-3800
Facsimile: (405) 232-8999

- and --

Michael J. Carrigan
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
(303) 295-8314
**Attorneys for Plaintiff**

4

s/Gary Davenport
Gary Davenport
MCGOIN, DAVENPORT, SEVERSON
& SNOW, PC
1600 Stout Street, Suite 1600
Denver, CO 80202-3103
(303) 863-9800

- and-

Jeffrey I. Sandman
LAW OFFICE OF JEFFREY I. SANDMAN
5347 South Valentia Way, Suite 310
Greenwood Village, CO 80111
(303) 220-0153
**Attorneys for Defendant**