IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01654 RPM-BNB

AT THE BEACH, INC., an Oklahoma Corporation,

    Plaintiff,

v.

COLLECTION SERVICE SOLUTIONS, L.L.C., a
Colorado Limited Liability Company,

    Defendant.

## AGREED ORDER TO MODIFY STIPULATED PRELIMINARY INJUNCTION

This matter is before the Court pursuant to Plaintiff At The Beach, Inc.'s Expedited Motion to Modify Stipulated Preliminary Injunction (the "Motion"), or in the Alternative Request for Hearing on Citation for Contempt. Appearing for Plaintiff At The Beach, Inc. ("Plaintiff") are Richard C. Ogden of Mulinix, Ogden, Hall, Andrews & Ludlam, PLLC AND Michael J. Carrigan of Holland & Hart, LLP. Appearing for the Defendant Collection Service Solutions, LLC ("Defendant") are Gary Davenport of the law firm of McGloin, Davenport, Severson and Snow, P.C. and Jeffrey I. Sandman of the Law Offices of Jeffrey I. Sandman. The Parties represent that a stipulation has been reached regarding Plaintiff's Motion. The Court **FINDS** as follows:

1) That on June 20, 2010, Plaintiff filed an Expedited Motion to Modify Stipulated Preliminary Injunction, or in the Alternative, Request for Hearing on Citation for Contempt.

2) That Defendant stipulates it has closed its business operations and has instructed all customers whose accounts were assigned to CSS to contact Plaintiff directly to make further payments.

3) That the Parties' have agreed that the Stipulated Preliminary Injunction (the "Injunction") should be modified.

Pursuant to this Court's Findings and the Parties' stipulations, the Court hereby **ORDERS** as follows:

1) Paragraph 3 of the Injunction shall be modified to provide as follows: "Within two business days of the 15th and end of each month, Plaintiff shall deposit into the Trust Account opened pursuant to paragraph two (2) of the Injunction any and all funds it collects on accounts returned to Plaintiff pursuant to this Order."

2) Paragraph 5 of the Injunction shall be removed from the Injunction.

3) Paragraph 7 of the Injunction shall provide as follows: "Pursuant to Section 2-3 of the Agreement, Defendant shall allow Plaintiff access to "Bloodhound", the website for which Plaintiff previously had daily access to monitor all payments posted by Defendant within twenty-four (24) hours of receipt from the customer and for executive review of all account statuses and progress. Effective August 1, 2009, Plaintiff will pay Defendant a monthly fee of $100 for such access. If Defendant no longer has access to Bloodhound as a result of the account being closed, Defendant will not object to and will cooperate with Plaintiff in its efforts to reestablish communication and reestablish the account as to Plaintiff's collection data so as to allow ease of transition of payment histories and account information of the consumers previously assigned to Defendant for collection even if Plaintiff is required to bear the entire expense of reactivating the account."

4) Paragraph 11 of the Injunction shall be removed from the Injunction.

5) Paragraph 14 of the Injunction shall provide as follows: "Defendant shall return any and all remaining accounts ever assigned by Plaintiff so that Plaintiff may commence collection on the same. Defendant will accept no further payments from Plaintiff's accounts and will forward all payments directly to plaintiff's attorney, Richard C. Ogden, for Plaintiff to post to accounts. Plaintiff shall provide an accounting of all payments and transactions related to these accounts within two business days of the 15th and end of month to Defendant, or Defendants designated representatives, on any and all accounts being returned to Plaintiff pursuant to this Order."

6) Paragraph 15 of the Injunction shall provide as follows: "Defendant, through its principals, Jerry Lovett and Patricia Meyer, shall provide Plaintiff with any and all documents and information on the remaining accounts currently within Defendant's possession and control, and related to payment history, payment agreements, judgments, stipulated orders, specifically related to the collection of such accounts. A Defendant's costs will be limited to the costs of delivery of these account files to Plaintiff. B If Plaintiff requests further documents or information related to the returned accounts which are not in the possession of Defendant or its principals (excepting any information or documents that are currently the subject of a discovery dispute, specifically documents or information referenced in a May 18, 2010 letter from Richard C. Ogden to Gary Davenport wherein Plaintiff has requested certain documents be produced in a searchable electronic format), Plaintiff will pay such costs but reserves the right to seek recovery of such costs against Defendant as a part of a final judgment in this matter." C

7) Any other paragraphs of this Court's Injunction remain in full force and effect or the ordered actions may have been satisfied and fulfilled; however, this Court is making no such

ruling at this time and reserves such ruling either upon further of this Court or at an earlier time upon proper application by the Plaintiff for such determination.

It is so Ordered this 30th day of June, 2010.

RICHARD P. MATSCH

_____
UNITED STATES DISTRICT COURT JUDGE

(A) Production by Defendant shall be completed by Friday, July 9, 2010.

(B) Plaintiff shall return the documents to Defendant by Friday, July 30, 2010. Plaintiff reserves the right to seek final possession of documents as part of the disposition of the case. Defendant reserves the right to reimbursement of past copying charges.

(C) Plaintiff acknowledges that Russell Richardson may have relevant documents and Mr. Lovett and Ms. Meyer are not responsible for producing documents in his possession.

Approved:

s/Richard C. Ogden
Richard C. Ogden, OBA #13749
Russell A. Wantland, OBA #19965
MULINIX OGDEN HALL
  ANDREWS & LUDLAM, P.L.L.C.
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK 73102
Telephone: (405) 232-3800
Facsimile: (405) 232-8999

- and -

Michael J. Carrigan
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
(303) 295-8314
**Attorneys for Plaintiff**


s/Gary Davenport
Gary Davenport
MCGOIN, DAVENPORT, SEVERSON
  & SNOW, PC
1600 Stout Street, Suite 1600
Denver, CO 80202-3103
(303) 863-9800

- and-

Jeffrey I. Sandman
LAW OFFICE OF JEFFREY I. SANDMAN
5347 South Valentia Way, Suite 310
Greenwood Village, CO 80111
(303) 220-0153
**Attorneys for Defendant**