IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-01654-RPM

AT THE BEACH, INC., an Oklahoma Corporation,

    Plaintiff,

v.

COLLECTION SERVICE SOLUTIONS, L.L.C.,
a Colorado Limited Liability Company,

    Defendant.

_____

ORDER OF DISMISSAL WITHOUT PREJUDICE
_____

Pursuant to the hearing held today, the Court finds and concludes that it is without jurisdiction for this civil action because there is no diversity of citizenship under 28 U.S.C. § 1332(c)(1) in that the plaintiff, an Oklahoma corporation, has its principal place of business in Colorado. The plaintiff directed this Court's attention to this matter by a motion filed on December 21, 2010, with a brief, filed January 10, 2011, with an affidavit of Jeff Klemann attached. Mr. Klemann gave testimony at the hearing. The plaintiff since mid-year 2008 has its corporate offices with its principal owner and operating officers located in Colorado. It also has its principal banking activity in Denver, Colorado.

At the time this civil action was first filed by a complaint alleging diversity jurisdiction on July 13, 2009, asserting that the principal place of business was in Oklahoma City, Oklahoma, the law in the Tenth Circuit Court of Appeals was that the statutory definition of principal place of business should be interpreted on the total

activity of the company considered as a whole.  *Amoco Rockmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993).  The defendant did not challenge jurisdiction and in the Scheduling Order, entered on November 29, 2009, it was stipulated that the plaintiff's principal place of business was in Oklahoma City, Oklahoma.

On February 23, 2010, the Supreme Court decided *Hertz Corp. v. Friend, et al., 130 S.Ct. 1181 (2010)* definitively interpreting § 1332 to mean that a corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activities.  It is clear that under that definition, the plaintiff's principal place of business is in Colorado and there is no diversity of citizenship.  Indeed, if the issue had previously been raised, it is doubtful that under law in this circuit there was diversity jurisdiction given the facts now presented at this hearing.

Having determined that there is no subject matter jurisdiction, it is

ORDERED that this civil action is dismissed without prejudice.

Dated: January 12th, 2011

BY THE COURT:
s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge